## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES DALE SCARBER, Independent        )
Executor of the Estate of BILLY DEAN   )
SCARBER, deceased,                     )
                                       )
       Plaintiff,                  )
                                       )   No.   3:16-cv-923
v.                                     )
                                       )
The UNITED STATES OF AMERICA,          )
                                       )
**Serve By Certified Mail:**           )
Donald S. Boyce                        )
U.S. Attorney for the Southern District of IL )
United States Attorney's Office        )
9 Executive Drive                      )
Fairview Heights, IL  62208            )
                                       )
**Serve By Certified Mail:**           )
Loretta E. Lynch, US Attorney General  )
US Department of Justice               )
950 W. Pennsylvania Avenue NW          )
Washington, DC  20530-0001             )
                                       )
       Defendant.                  )

### COMPLAINT

      COMES NOW Plaintiff James Dale Scarber, Independent Executor of the Estate of Billy

Dean Scarber, deceased, by and through his counsel, Paul G. Schoen, and for his cause of action

against defendant United States of America, states as follows:

### JURISDICTION AND VENUE

      1.     Jurisdiction of this court is based upon the existence of a question arising under 28

U.S.C. § 1346(b), the Federal Tort Claims Act; Plaintiff has timely served a notice of claim on the

defendant United States of America pursuant to such statute (Exhibit 1).

      2.     Plaintiff has complied with the requirements of the Federal Tort Claims Act; six (6)

months have passed since the claim dated May 15, 2015 was filed on May 18, 2015, and no final notice has been received.  Therefore, the claim is deemed denied.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 1391, because plaintiff resides within the territorial limits of the United States District Court for the Southern District of Illinois and because the events giving rise to plaintiff's claims occurred within the territorial limits of the United States District Court for the Southern District of Illinois.

4.     James Dale Scarber is the duly appointed Independent Executor of the Estate of Billy Dean Scarber, deceased, as evidenced by the Letters of Office – Decedent's Estate attached as Exhibit F to the Claim For Damage, Injury or Death attached to this Complaint as Exhibit 1.

5.     At all relevant times herein, Christopher Greater Area Rural Health Planning Corporation, commonly known as the Rea Clinic – Du Quoin Facility (hereinafter "Rea Clinic") located in Franklin County, Illinois, was a "health center" within the meaning of 42 U.S.C. § 254(b), and was a Public Health Service employee of the United States of America pursuant to 42 U.S.C. § 233(g)(1)(A).

6.     At all times relevant hereto, Andrew Yochum, D.O. was a doctor of osteopathy licensed to practice medicine in the State of Illinois and was an agent, servant and employee of the Rea Clinic.

7.     At all times relevant hereto, Michael Poiter, PA-C was a physician's assistant licensed to practice as a physician's assistant in the State of Illinois and was an agent, servant and employee of the Rea Clinic.

8.     At all relevant times herein, Andrew Yochum, D.O. and Michael Poiter, PA-C were acting within the course and scope of their employment by Rea Clinic and were acting as agents, servants and employees of the United States of America, pursuant to 42 U.S.C. § 233(g)(1)(A).

9.      On or about September 9, 2009, defendant United States of America, acting by and through Rea Clinic, acting by and through Andrew Yochum, D.O., Michael Poiter, PA-C, and other employees and agents of Rea Clinic, began providing primary health care to Billy Dean Scarber at the facilities of Rea Clinic located in Franklin County, Illinois.

10.      Defendant, United States of American, by and through its agents and employees, including Rea Clinic, Andrew Yochum, D.O., Michael Poiter, PA-C, and other agents, servants and employees of Rea Clinic owed a duty to plaintiff and plaintiff's decedent to possess and use the knowledge, skill and care ordinarily used by reasonably careful healthcare providers.

## COUNT I
### (Survival Action)

11-20.  Plaintiff repeats, re-alleges and incorporates by reference thereto paragraphs 1 through 10, inclusive, of this Complaint as and for paragraphs 11 through 20, inclusive, of Count I of this Complaint.

21.      On September 1, 2013, plaintiff's decedent, Billy Dean Scarber, was diagnosed as having Stage IV colon cancer

22.      The defendant, United States of America, acting by and through its employee. the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, deviated from the requisite standard of care when rendering medical services to plaintiff's decedent, Billy Dean Scarber, in one or more of the following ways:

(a)      it failed to take a proper history, including a family history from Billy Dean Scarber;

(b)      it failed to perform proper physical examinations of Billy Dean Scarber, including, without limitation, proper abdominal and gastrointestinal

examinations;

(c)    it failed to recommend to Billy Dean Scarber that he have screening examinations for colorectal cancer;

(d)    it failed to refer Billy Dean Scarber to a gastroenterologist, or others, for screening examinations for colorectal cancer;

(e)    it failed to establish for Billy Dean Scarber a screening program for colorectal cancer;

(f)    it failed to apply to Billy Dean Scarber a screening program for colorectal cancer;

(g)    it failed to offer Billy Dean Scarber a screening examination for colorectal cancer;

(h)    it failed to offer Billy Dean Scarber alternative choices for screening examinations for colorectal cancer;

(i)    it failed to provide information to Billy Dean Scarber about the advantages and disadvantages associated with each screening examination option for colorectal cancer;

(j)    it failed to offer Billy Dean Scarber a complete structural examination to detect evidence of colorectal cancer;

(k)    it failed to determine Billy Dean Scarber's risk status for colorectal cancer;

(l)    it failed to inform Billy Dean Scarber of the risk to him of not having screening examinations for colorectal cancer;

(m)    it failed to recommend to Billy Dean Scarber that he be evaluated to determine the cause of his anemia;

(n)    it failed to refer Billy Dean Scarber for evaluation for his anemia;

(o)    it failed to inform Billy Dean Scarber of the possible causes and significance of his anemia;

(p)    it failed to properly and adequately supervise Michael Poiter, PA-C; and

(q)    it failed to properly and adequately collaborate with Michael Poiter, PA-C.

23.    As a direct and proximate result of the negligence of the United States of

America, acting by and through its employee, the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, Billy Dean Scarber suffered growth, development and metastasis of the cancer in his colon; he was required to undergo chemotherapy; he experienced extreme pain and suffering, mental anguish and emotion distress before his death; he incurred numerous medical, hospital and pharmaceutical expenses; he lost his chance of survival and he died on August 22, 2014.

24.     This is a survivorship action brought pursuant to 755 ILCS 5/27-6 referred to as the Survival Statute of the State of Illinois, for Billy Dean Scarber's personal injuries sustained prior to his death as a result of defendant's negligence.

WHEREFORE, Plaintiff, James Dale Scarber, Independent Executor of the Estate of Billy Dean Scarber, deceased, demands judgment on Count I of his Complaint against defendant, United States of America, in the amount of four million dollars ($4,000,000.00), plus costs of suit.

## COUNT II
### (Wrongful Death)

25 - 34.     Plaintiff repeats, re-alleges and incorporates by reference thereto paragraphs 1 through 10, inclusive, of this Complaint as and for paragraphs 25 – 34, inclusive, of Count II of this Complaint.

35.     On September 1, 2013, plaintiff's decedent, Billy Dean Scarber, was diagnosed as having Stage IV colon cancer

36.     The defendant, United States of America, acting by and through its employee the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, deviated from the requisite standard of care when rendering medical services to plaintiff's decedent, Billy Dean Scarber, in one or more of the following ways:

(a)     it failed to take a proper history, including a family history from Billy Dean Scarber;

(b)     it failed to perform proper physical examinations of Billy Dean Scarber, including, without limitation, proper abdominal and gastrointestinal examinations;

(c)     it failed to recommend to Billy Dean Scarber that he have screening examinations for colorectal cancer;

(d)     it failed to refer Billy Dean Scarber to a gastroenterologist, or others, for screening examinations for colorectal cancer;

(e)     it failed to establish for Billy Dean Scarber a screening program for colorectal cancer;

(f)     it failed to apply to Billy Dean Scarber a screening program for colorectal cancer;

(g)     it failed to offer Billy Dean Scarber a screening examination for colorectal cancer;

(h)     it failed to offer Billy Dean Scarber alternative choices for screening examinations for colorectal cancer;

(i)     it failed to provide information to Billy Dean Scarber about the advantages and disadvantages associated with each screening examination option for colorectal cancer;

(j)     it failed to offer Billy Dean Scarber a complete structural examination to detect evidence of colorectal cancer;

(k)     it failed to determine Billy Dean Scarber's risk status for colorectal cancer;

(l)     it failed to inform Billy Dean Scarber of the risk to him of not having screening examinations for colorectal cancer;

(m)     it failed to recommend to Billy Dean Scarber that he be evaluated to determine the cause of his anemia;

(n)     it failed to refer Billy Dean Scarber for evaluation for his anemia;

(o)     it failed to inform Billy Dean Scarber of the possible causes and significance of his anemia;

(p)     it failed to properly and adequately supervise Michael Poiter, PA-C; and

(q)     it failed to properly and adequately collaborate with Michael Poiter, PA-C.

37.     As a direct and proximate result of the negligence of defendant, United States of America, acting by and through its employee, the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, Billy Dean Scarber suffered growth, development and metastasis of the cancer in his colon; he lost his chance of survival and he died on August 22, 2014.

38.     Billie Dean Scarber died leaving next-of-kin surviving, including Dianna Scarber, his wife; James Dale Scarber, his son; Janet Greenwood, his daughter; Lyle Scarber, his son; and Jason Scarber, his son.

39.     As a direct and proximate result of the negligence of defendant, United States of America, acting by and through its employee, the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, the next-of-kin of Billy Dean Scarber, deceased, suffered great losses of a personal and pecuniary nature, including, without limitation, grief, sorrow, and the loss of companionship and society of Billy Dean Scarber.

40.     This is a wrongful death action brought pursuant to 740 ILCS 180/1, commonly referred to as the Illinois Wrongful Death Act.

WHEREFORE, Plaintiff, James Dale Scarber, Independent Executor of the Estate of Billy Dean Scarber, deceased, demands judgment on Count II of his Complaint against defendant, United States of America, in the amount of four million dollars ($4,000,000.00), plus costs of suit.

## COUNT III
### (Funeral and Burial Expense)

41 - 50.      Plaintiff repeats, re-alleges and incorporates by reference thereto paragraphs 1 through 10, inclusive, of this Complaint as and for paragraphs 41 through 50, inclusive, of Count III of this Complaint.

51.      On September 1, 2013, plaintiff's decedent, Billy Dean Scarber, was diagnosed as having Stage IV colon cancer

52.      The defendant, United States of America, acting by and through its employee, the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, deviated from the requisite standard of care when rendering medical services to plaintiff's decedent, Billy Dean Scarber, in one or more of the following ways:

(a)      it failed to take a proper history, including a family history from Billy Dean Scarber;

(b)      it failed to perform proper physical examinations of Billy Dean Scarber, including, without limitation, proper abdominal and gastrointestinal examinations;

(c)      it failed to recommend to Billy Dean Scarber that he have screening examinations for colorectal cancer;

(d)      it failed to refer Billy Dean Scarber to a gastroenterologist, or others, for screening examinations for colorectal cancer;

(e)      it failed to establish for Billy Dean Scarber a screening program for colorectal cancer;

(f)      it failed to apply to Billy Dean Scarber a screening program for colorectal cancer;

(g)      it failed to offer Billy Dean Scarber a screening examination for colorectal cancer;

(h)      it failed to offer Billy Dean Scarber alternative choices for screening

examinations for colorectal cancer;

(i)     it failed to provide information to Billy Dean Scarber about the advantages and disadvantages associated with each screening examination option for colorectal cancer;

(j)     it failed to offer Billy Dean Scarber a complete structural examination to detect evidence of colorectal cancer;

(k)     it failed to determine Billy Dean Scarber's risk status for colorectal cancer;

(l)     it failed to inform Billy Dean Scarber of the risk to him of not having screening examinations for colorectal cancer;

(m)     it failed to recommend to Billy Dean Scarber that he be evaluated to determine the cause of his anemia;

(n)     it failed to refer Billy Dean Scarber for evaluation for his anemia;

(o)     it failed to inform Billy Dean Scarber of the possible causes and significance of his anemia;

(p)     it failed to properly and adequately supervise Michael Poiter, PA-C; and

(q)     it failed to properly and adequately collaborate with Michael Poiter, PA-C.

53.    As a direct and proximate result of the negligence of defendant, United States of America, acting by and through its employee, the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, Billy Dean Scarber suffered growth, development and metastasis of the cancer in his colon; he lost his chance of survival and he died on August 22, 2014.

54.    As a further direct and proximate result of the negligence of defendant, United States of America, acting by and through its employee, the Rea Clinic, acting by and through its agents, servants and employees, including, without limitation, Andrew Yochum, D.O. and Michael Poiter, PA-C, plaintiff James Dale Scarber, Independent Executor of the Estate of Billy Dean Scarber, deceased, incurred autopsy, funeral and burial expenses totaling Five Thousand Seven

Hundred Twenty Four Dollars ($5,724.00).

WHEREFORE, plaintiff James Dale Scarber, Independent Executor of the Estate of Billy Dean Scarber, deceased, demands judgment against United States of America in the amount of Five Thousand Seven Hundred Twenty Four Dollars ($5,724.00), plus costs of suit.

SCHOEN LAW FIRM, P.C.

BY: _____

PAUL G. SCHOEN                    #2501864
120 W. Main Street, Suite 212
Belleville, IL  62220
(618) 671-6900 (Telephone)
(618) 671-6901 (Facsimile)
E-mail:  pschoen@pschoenlaw.com

ATTORNEY FOR PLAINTIFF